IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**STEVEN BOYD BARNHART, #66269**                                                              **PLAINTIFF**

**VERSUS**                                                     **CIVIL ACTION NO. 3:06cv680TSL-JCS**

**CHRISTOPHER EPPS, Commissioner of MDOC;**                                       **DEFENDANT**

### MEMORANDUM OPINION and ORDER

This cause is before the court, sua sponte, for consideration of dismissal. Plaintiff Barnhart, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Institute (SMCI), Leakesville, Mississippi, filed this pro se complaint pursuant to 42 U.S.C. § 1983. The named defendant is Christopher Epps, the Commissioner of MDOC.

### Background

The plaintiff complains that defendant Epps, as the Commissioner of MDOC, has violated his constitutional rights by allowing the length of his incarceration to be miscalculated. The plaintiff calculates his release date to be June 2, 2007.[1] The plaintiff alleges that the MDOC records department has incorrectly evaluated his sentence credits resulting in a release date of March 22, 2008. The plaintiff contends that the miscalculation of his sentence credits will result in him being incarcerated for an additional ten months. The plaintiff request that this court order Commissioner Epps to adjust the plaintiff's time sheet to reflect a release date of June 2, 2007.

---

[1] Although it is not entirely clear from the plaintiff's pleadings, it appears he was convicted of three counts of uttering forgery in the Circuit Court of Lee County, Mississippi, on September 27, 1996.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune from such relief.

pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id.

Initially, this court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). If the plaintiff's claims are proven and this court grants the requested relief, it would result in the plaintiff receiving an early release from custody. The plaintiff must first pursue his request for his release from custody by filing a petition for habeas corpus relief.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). Since the plaintiff states in his response that he has not presented his claims to the state courts, it appears he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Resp. [7], p.2. Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed..[3]

---

[3]However, the choice to purse these claims in a separate habeas case, ultimately lies with the Plaintiff. Therefore, the Clerk of Court is directed to send the plaintiff a packet of habeas forms entitled, "Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody."

Conclusion

As discussed above, the plaintiff's claims for an earlier release from custody are habeas in nature, thus, not properly pursued under 42 U.S.C. § 1983. Consequently, this cause of action filed pursuant to § 1983 is dismissed, without prejudice.

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the 14th day of February, 2007.

      s/Tom S. Lee
      UNITED STATES DISTRICT JUDGE